[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2010
JOHN LEY
CLERK

_____

No. 09-14861

_____

D. C. Docket No. 08-00438-CV-LSC-S

BRUCE NELSON,

Plaintiff-Appellant,

versus

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 3, 2010)

Before DUBINA, Chief Judge, ANDERSON, Circuit Judge, and MOODY,*
District Judge.

PER CURIAM:

_____
*Honorable James S. Moody, Jr., United States District Judge for the Middle District of Florida,
sitting by designation.

After oral argument and careful consideration, we conclude that the judgment of the district court is due to be affirmed. In the proceedings below, the plaintiff admitted that American Express charged off his accounts, meaning that Experian's reporting of these charge-offs was not inaccurate. Plaintiff argues on appeal that his admission should not be binding because the "totality" of his Complaint and his response to the Motion for Summary Judgment shows that his true position is that American Express did not charge off the accounts but instead falsely reported that it did so. Plaintiff further argues that American Express did not actually charge off the accounts because, by doing so, it would have violated its own policies as well as federal law and regulations. We conclude that plaintiff is incorrect on both points. It was not error for the district court to hold the plaintiff to the admissions he made through his pleadings, and plaintiff's evidence shows at best that American Express should not have charged off the accounts, not that it did not. Since plaintiff has presented no substantial evidence that Experian issued an inaccurate credit report, neither his claims under the Fair Credit Reporting Act nor his state law claims can survive summary judgment.

In the alternative, plaintiff might have argued that Experian's reporting was inaccurate because he presented evidence that American Express should not have

2

charged off the accounts, even if it did. We do not reach the question of whether this theory is viable, however, because plaintiff has failed to make the argument. An appellant's brief must include an argument containing "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). In this Circuit, "a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." Access Now, Inc. v. Southwest Airlines, Co., 385 F.3d 1324, 1330 (11th Cir. 2004). Because Nelson does not squarely argue in his brief that Experian's reporting should be considered inaccurate on the grounds that American Express should not have charged off the accounts, this contention has been waived.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.